[Civ. No. 1134.   Second Appellate District.—December 5, 1913.]

MAMIE V. RAWLES et al., Respondents, v. LOS ANGELES GAS & ELECTRIC CORPORATION, Appellant.

WITNESS — CROSS-EXAMINATION AS TO DEPRESSION IN STREET — WHETHER QUESTION CALLS FOR CONCLUSION.—Where, in an action by a pedestrian for personal injuries sustained from stepping into a depression left in a street by a gas company, a photograph of the depression, taken the day following the accident, is admitted in evidence, and the witness who took it testifies that he made no examination of the depression on the day of the accident, but that the street was in the same condition when he took the photograph as when the accident occurred, it is proper cross-examination to ask him how he knows the conditions were identical.

ID.—CROSS-EXAMINATION—OPINION OR CONCLUSION OF WITNESS—REFUSAL TO STRIKE OUT.—Where a witness in such case, who visited the scene of the accident, has testified on direct examination as to the dimensions of the depression, is asked on cross-examination, "How did you happen to go down and visit that hole?" and in reply says, among other things, that on seeing the depression he stated this "is gross carelessness on the part of this party that

dug this hole," it is error to refuse to strike out such opinion or conclusion.

Id.—Ordinance Regarding Street Excavations—Introduction in Evidence—Instructions.—If in such action a city ordinance is introduced in evidence, detailing the requirements as to making and refilling excavations in streets, and containing provisions beneficial to the city as administrative regulations and other provisions for the benefit of persons using the street, and the court gives a general instruction that a violation of the latter provisions, if the proximate cause of the plaintiff's injuries, is sufficient to show a breach of duty and consequent negligence, it might well go further and define the provisions designed for the benefit of private persons.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Wm. A. Cheney, Leroy M. Edwards, and Paul Overton, for Appellant.

Kendrick & Ardis, for Respondents.

JAMES, J.—Plaintiff Mamie V. Rawles, in October, 1910, while alighting from a car on First Street, at Broadway, in the city of Los Angeles, placed her foot into a depression then existing in the surface of the street. As she did so her foot turned to one side causing a sprain to the ankle. She then brought this action against the defendant, the complaint charging that it was through defendant's negligence that she was injured, because the latter had not repaired the street surface at the point mentioned after making an excavation therein. The jury by its judgment awarded her damages in the sum of one thousand five hundred dollars, from which judgment, and from an order denying its motion for a new trial, defendant has appealed.

It was shown in evidence that the defendant, a few days prior to the day upon which the alleged injuries were sustained by said plaintiff, caused a small excavation to be made in the street near the car-track, of about two feet by three feet in dimensions, for the purpose of reaching a gas-pipe.

The earth was replaced in the hole thus made, also the rock surfacing, and on top of this was laid a square of asphaltum pavement which had been cut from the surface. At the time the refilling was made of the excavation the surface was left in an almost level state. Under the requirements of an ordinance of the city of Los Angeles, then in force, where excavations were made in the street, the person or corporation so making them was obliged to restore the surface to its original condition, or as nearly to that state as was practicable, but the surface paving was not permitted to be done until the earth and material in the refilled excavation had had time to settle. The ordinance of the city covering these matters was introduced in evidence. At the time the said plaintiff sustained the injuries complained of, the repaving had not been done, and vehicles and pedestrians had crossed over the spot. As to the depth of the depression there was some difference in the testimony, some of the witnesses stating that the hole was from two to six inches in depth. A photograph was introduced in evidence, which it was testified had been taken on the morning following the accident. A copy of this photograph is attached to the record in the case. It appears from an inspection of it that at the time it was taken a street-car had stopped almost opposite the place, and the figure of a woman appears almost over the point of depression in the street, although this figure is very much blurred, owing no doubt to the fact that the person was in motion at the time the camera was being operated. Just why a photograph intended to illustrate the condition of the depression in the street should have been taken with other objects present, around and upon it, can only be conjectured. The fact that it does not present a thoroughly clear representation of the spot makes it important that the ruling of the court in restricting the cross-examination of plaintiff P. L. Rawles, the husband of the injured person, should be closely examined. The photograph was taken, as the evidence showed, on the morning following the evening of the alleged accident. Plaintiff P. L. Rawles was the only witness who gave testimony tending to establish that the depression, at the time the photograph was taken, was in the same condition as when his wife stepped into it and received her injuries. After testifying that the conditions were the same, he stated on cross-

examination that on the night of the accident he had not meas-
ured the hole, nor had he made an examination of it.   He then
said: "It was so dark there that I could not see this hole at
all for a few minutes."   The following dialogue then oc-
curred: "Q.   When you did see, did you examine the hole
carefully?   A.   No, sir.   Of course—Q.   You did not?
How, then, can you testify that the hole was in exactly the
same condition the next day and when you took this picture
afterwards, if you didn't examine the hole that night?"   This
last question was objected to as calling for a conclusion of
the witness, and the objection was sustained.   In this ruling
the court erred.   The jury had submitted to them a photo-
graph which was not taken at the time that the first-named
plaintiff received her injuries, and it was incumbent upon the
plaintiff to show that the photograph correctly represented the
condition as it had existed on the day before the photograph
was taken.   The defendant was entitled to examine closely
the witness by whom the identity of condition was sought
to be established, and the question asked to which objection
was sustained did not call for a conclusion of the witness, but
called for a statement of fact as to how he could tell, if he
did not make an examination of the depression at the time
of the alleged accident, that its condition was the same as was
represented by the photograph.   This is not the only error
which occurred during the course of the trial, which appears
to have been made with prejudice to the substantial rights of
defendant.   Another witness, Keym, testified that he visited
the point in question on the day following the accident, and
he testified as to the dimensions of the excavation.   He testi-
fied that he had taken measurements of those dimensions, but
at the time of the trial had lost his record of them.   On cross-
examination, in order, no doubt, to have illustrated to the jury
the matter of interest or bias of this witness, he was asked this
question: "How did you happen to go down and measure
that hole on the 11th of October at 9 o'clock in the morning?"
to which the witness answered: "Mr. Rawles had told me
that his wife had stepped in the excavation there and I said,
'being as I am going down town I will go down with you
and take a look at it,' and after looking at it I says, 'that this
is gross carelessness on the part of this party that dug this
hole.' "   Counsel for defendant immediately moved that the

answer be stricken out, which motion was denied. Defendant's counsel then said: "I object, your honor, to any statement of this witness as to what he states was his opinion whether there was negligence or not. The Court: You asked him how he came to measure the hole. Mr. Edwards: Not as to his statements to Mr. Rawles about the hole when he saw it. The Court: I think that is a proper part of the answer." The statement of the witness wherein he related that he had said to Rawles, "that is gross carelessness on the part of this party that dug this hole," was utterly incompetent and its effect upon the jury may well have been prejudicial. The question as to whether there was negligence was one for the jury to determine, and the opinion of any witness could not properly be given in evidence to suggest what conclusions should be made upon that issue.

The ordinance of the city of Los Angeles which was introduced in evidence, and in which was set out in detail the various requirements as to making and refilling of excavations, contained provisions in part of a nature beneficial to the city as administrative regulations, and provisions in part for the benefit of persons using the street. The court gave a general instruction that the violation of the protective clauses of a municipal regulation established for the benefit of private persons was sufficient to prove a breach of duty and consequent negligence, provided that the violation of such ordinance was the proximate cause of the injury. This instruction contained a correct statement of the law in the abstract, but the court might well have defined for the benefit of the jury just what provisions were designed for the protection of private persons. The only real objection to the introduction of the ordinance, however, was that under the circumstances of the case, defendant in making the excavation in question was not required to first procure a permit so to do; impliedly it was admitted that all other provisions were applicable, and if defendant had desired more specific instructions upon the matter adverted to, request should have been made that such be given. The court did expressly instruct the jury that the defendant was not required to secure a permit for doing the work which it performed in the street, and therefore those provisions of the ordinance requiring that such permit be obtained must be deemed to have been left out

of consideration by the jury. The question as to whether plaintiff was guilty of contributory negligence was one properly submitted to the jury.

Because of the errors referred to, the judgment and order appealed from are reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 3, 1914.